CINCINNATI BAR ASSOCIATION *v.* THOMPSON.

[Cite as *Cincinnati Bar Assn. v. Thompson,*

**129 Ohio St.3d 127, 2011-Ohio-3095.]**

*Attorneys at law — Misconduct — Notarization of unsigned documents — Public reprimand.*

(No. 2011-0300 — Submitted March 23, 2011 — Decided June 30, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-054.

_____

**Per Curiam**.

{¶ 1} Respondent, Stephen Gregory Thompson of Cincinnati, Ohio, Attorney Registration No. 0020685, was admitted to the practice of law in Ohio in 1983. On June 14, 2010, relator, Cincinnati Bar Association, charged respondent with a single violation of Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). The complaint alleged that respondent had notarized two unsigned documents.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement, filed pursuant to Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline of the Supreme Court ("BCGD Proc.Reg."). The panel accepted the agreement and, made corresponding findings of misconduct and a recommendation, which the board adopted. We adopt that recommendation and publicly reprimand respondent for his misconduct.

**Misconduct**

{¶ 3} The stipulated facts of this case show that in August 2009, respondent's former law partner brought him a number of documents to notarize.

Respondent entered the month, day, and year into the jurats and notarized two documents that his former partner had signed.

{¶ 4} Among the documents were two forms for removal of a name from a Kentucky liquor license. Respondent's former partner had prepared those documents for the signature of a business associate with whom he had been engaged in a legal dispute. If signed, the affidavits would have divested the business partner of his interest in two liquor licenses. Respondent did not enter the date on the jurats, but he notarized the unsigned documents in contravention of the jurat, which stated, "I, the undersigned, a Notary Public in and for the State and County aforesaid, do hereby certify that _____ personally appeared before me and acknowledged the above to be their free act and deed." Respondent's former partner later entered the name of his business associate and presented the prenotarized documents to him for his signature, but his associate did not sign either document.

{¶ 5} Based upon these stipulated facts, the board found, and we agree, that respondent violated Prof.Cond.R. 8.4(c).

**Sanction**

{¶ 6} In recommending a sanction for respondent's misconduct, the board considered the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. The board found no aggravating factors, and in mitigation found that respondent does not have a prior disciplinary record, that he fully and freely self-reported his misconduct to relator, that he cooperated in these disciplinary proceedings, and that he has presented evidence of his good character and reputation. BCGD Proc.Reg. 10(B)(2)(a), (c), (d) and (e).

{¶ 7} Citing *Columbus Bar Assn. v. Dougherty*, 105 Ohio St.3d 307, 2005-Ohio-1825, 825 N.E.2d 1094, the panel and board recommend that we adopt the parties' stipulated sanction of a public reprimand.

**{¶ 8}** In *Dougherty*, we publicly reprimanded an attorney who violated DR 1-102(A)(4) and (6) by notarizing a purported affiant's signature without having actually witnessed the signature. Id. at ¶ 4, 17. Although we acknowledged that misconduct involving dishonesty, fraud, deceit, or misrepresentation generally warrants an actual suspension from the practice of law, we concluded that Dougherty's conduct was not as egregious as that of other attorneys who had received actual suspensions, given that there was no evidence establishing that she had engaged in a course of conduct designed to deceive. Therefore, we rejected relator's recommended sanction of an 18-month suspension with 12 months stayed. Id. at ¶ 10, 16-17. Observing that Dougherty's misconduct arose from a single, isolated incident and citing mitigating evidence that included her lack of a prior disciplinary record, her acknowledgment of her misconduct, her sincere apology, and her cooperation in the disciplinary proceedings, we imposed a public reprimand.

**{¶ 9}** In this case, the parties have entered into a consent to discipline and agree that a public reprimand is the appropriate sanction for respondent's misconduct. In light of the mitigating factors in this case, we agree. Accordingly, respondent is publicly reprimanded for his violations of Prof.Cond.R. 8.4(c). Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Anita S. Cross and Ernest F. McAdams Jr., for relator.

George D. Jonson, for respondent.

_____